**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARA HOLDINGS 23 EAST, LLC, | ) | Case No. 13 B 26593 (JSB) |
| | ) | |
| Debtor. | ) | Hearing Date: Wednesday, April 9, 2014, at 9:30 a.m. |
| | ) | |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**

| | |
|---|---|
| Name of Applicant: | Goldstein & McClintock LLLP |
| Authorized to Provide Professional Services to: | Debtor |
| Date of Order Authorizing Employment: | July 31, 2013, retroactive to June 28, 2013 |
| Period for which Compensation is Sought: | June 28, 2013 through March 16, 2014 |
| Total Amount of Fees: | $57,093.00 |
| Amount of Expenses Reimbursement Sought: | $1,020.56 |
| Amount of Retainer Held in Trust: | $0.00 |

Dated: March 17, 2014                                         **GOLDSTEIN & MCCLINTOCK LLLP**

                                                                            By /s/ Matthew E. McClintock
                                                                                  One of its Attorneys

**SUMMARY OF BILLING BY TIMEKEEPER**
**For the Period from June 28, 2013 through March 16, 2014**

| Name of Professional Person | Position of Applicant | Year of Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Harold D. Israel | Partner | 1993 | $525 | 2.0 | $1,050.00 |
| Matthew E. McClintock | Partner | 2003 | $435 | 9.5 | $4,132.50 |
| Zoran Balac | Associate | 2011 | $255 | 194.1 | $49,495.50 |
| Sean Williams | Law Clerk | 2013[1] | $150 | 5.6 | $840.00 |
| Teresa Gomez | Paralegal | N/A | $225 | 7.0 | $1,575.00 |
| **TOTAL** | | | | **218.2** | **$57,093.00** |
| **Blended Rate:** | | | | | **$261.66** |

**COMPENSATION BY PROJECT CATEGORY**
**For the Period from June 28, 2013 through March 16, 2014**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 11.7 | $3,448.50 |
| Schedules and Reports | 15.6 | $4,047.00 |
| G&M Retention and Fee Application | 10.0 | $2,385.00 |
| Litigation | 11.9 | $3,052.50 |
| Executory Contracts and Unexpired Leases | 22.5 | $5,872.50 |
| Cash Collateral/Secured Creditor | 19.0 | $5,283.00 |
| Claims | 23.3 | $6,001.50 |
| Plan and Disclosure Statement | 104.2 | $27,003.00 |

**Expense Category Summary**

| Expense Category | Amount |
|---|---|
| Photocopies/Printing | $351.50 |
| Westlaw Research | $479.70 |
| Postage | $78.96 |
| ECF/Pacer Charges | $80.40 |
| Filing Fees | $30.00 |
| **TOTAL** | **$1,020.56** |

---

[1] Sean Williams was admitted to the Bar of Illinois in October 2013, however, all of his work on this case was performed prior to his admission; therefore, all of his time is billed at law-clerk rates.

4848-8261-7110, v. 1              2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BARA HOLDINGS 23 EAST, LLC, | ) | Case No. 13 B 26593 (JSB) |
|  | ) |  |
| Debtor. | ) | Hearing Date: Wednesday, April 9, 2014, at 9:30 a.m. |
|  | ) |  |

**FINAL FEE APPLICATION OF GOLDSTEIN & MCCLINTOCK LLLP**
**AS COUNSEL TO THE DEBTOR**

Goldstein & McClintock LLLP ("*G&M*"), counsel to Bara Holdings 23 East, LLC (the "*Debtor*"), hereby submits this Fee Application (the "*Application*") of Goldstein & McClintock LLLP pursuant to sections 330, 331, 503(b), and 507(a)(1) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*") requesting entry of an order: (i) allowing as compensation the amount of $57,093.00 for legal services rendered during the period from June 28, 2013, through and including March 16, 2014 (the "*Application Period*") and reimbursement to G&M of $1,020.56 in actual expenses incurred during the Application Period, both on a final basis; and (ii) authorizing G&M to apply any amounts held in the Effective Date Escrow established under the Debtor's First Amended Plan of Reorganization [Docket No. 48] (the "*Plan*") to such allowed fees and expenses; and in support of the Application, G&M respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      On June 28, 2013 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its financial affairs as a debtor in possession.

4.      The Debtor operates a well-known Italian restaurant and bar located at 23 East Jackson Blvd. in Chicago, Illinois. The restaurant benefits from substantial traffic due to its location in DePaul University's law school campus in the Chicago "loop" area. The restaurant has a separate bar area that generates substantial revenue for the Debtor. Although the restaurant has recently become profitable, it has for some time been burdened with substantial tax debt owed to the Internal Revenue Service and the Illinois Department of Revenue. The Debtor has proposed and has solicited acceptance of its Plan, which will maximize value and maximize creditor recoveries by allowing the Debtor to pay off its obligations, in full, over time.

5.      On July 25, 2013, the Debtor filed its *Application of Debtor for Authority to Employ and Retain Goldstein & McClintock LLLP as Counsel for the Debtor* (the "*Retention Application*") [Dkt. No. 21]. In its Retention Application, G&M disclosed that it received a combined prepetition retainer in the amount of $6,250.00 (the "*Prepetition Retainer*") (two payments of $2,500.00 and one for $1,250.00). As of the Petition Date, the balance of the Prepetition Retainer was $0. On July 31, 2013, the Court entered an order (the "*Retention Order*") authorizing the retention of G&M as counsel to the Debtor [Dkt. No. 22].

6.      Since entry of the Retention Order, G&M has received no additional retainer.

## DISCUSSION

**APPLICABLE STANDARD**

    7.    Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> [T]he court may award ... reasonable compensation for actual, necessary services rendered by the ... attorney and by any paraprofessional person ... and ... reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including- (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

    8.    The Seventh Circuit Court of Appeals has stated that:

> The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986). Additionally, other courts of appeal have recognized that:

> [I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston & Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

9.  In reviewing the Application, the Court should be guided by the Seventh Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

> [I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Ill. Sec. Litig.*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.").

10.  In evaluating the Application, this Court should consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by G&M's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

## SERVICES PERFORMED DURING APPLICATION PERIOD

11.  Statements detailing the services rendered and actual and necessary expenses incurred by G&M during the Application Period (collectively, the "*Statements*") are attached hereto and incorporated herein as follows:

- Exhibit A: *June 28, 2013 – March 16, 2014 Schedules of Services Rendered and Expenses Incurred*

12. G&M's hourly rates of compensation for attorneys and paraprofessionals during the Application Period ranged from $105 to $725 (however, no professional with an hourly rate in excess of $525 is seeking compensation for services during the Application Period and the vast majority of services were performed at the rate of $255 per hour). The rates charged herein are comparable to rates charged by other practitioners having the same amount of experience, expertise, and standing for similar services in this jurisdiction. G&M consistently and consciously made every reasonable effort to represent the Debtor in the most economical, efficient, and practical manner possible.

13. No agreement or understanding exists between G&M and any other person for the sharing of compensation received or to be received in connection with this chapter 11 case, other than as disclosed or authorized pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## SUMMARY OF SERVICES

14. A summary of the compensation requested herein for the Application Period, broken down by each of the G&M professionals and paraprofessionals who provided services during such period, is set forth in the chart below:

| Name of Professional Person | Position of Applicant | Year of Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Harold D. Israel | Partner | 1993 | $525 | 2.0 | $1,050.00 |
| Matthew E. McClintock | Partner | 2003 | $435 | 9.5 | $4,132.50 |
| Zoran Balac | Associate | 2011 | $255 | 194.1 | $49,495.50 |
| Sean Williams | Law Clerk | 2013[1] | $150 | 5.6 | $840.00 |
| Teresa Gomez | Paralegal | N/A | $225 | 7.0 | $1,575.00 |
| **TOTAL** | | | | **218.2** | **$57,093.00** |
| **Blended Rate:** | | | | | **$261.66** |

---

[1] Sean Williams was admitted to the Bar of Illinois in October 2013, however, all of his work on this case was performed prior to his admission; therefore, all of his time is billed at his pre-admission rate.

15. A summary of the compensation requested during the Application Period by category of service performed is set forth in detail below:

**A.    Case Administration                                $3,448.50**

16. G&M spent 11.7 hours at a cost of $3,448.50 on case administration. This category primarily includes time spent performing necessary case administration tasks (including maintaining and updating dockets, calendars, and correspondence files, and retrieving necessary documents), reviewing incoming pleadings, correspondence, and notices, preparing for and attending Court hearings on general case matters, and corresponding with parties in interest concerning general case matters. This category also includes matters which encompass more than one other discrete category.

**B.    Schedules and Reports                              $4,047.00**

17. G&M spent 15.6 hours at a cost of $4,047.00 on schedules and reports. This category primarily includes time spent preparing and reviewing the Debtor's Schedules, Statement of Financial Affairs, and operating reports and any amendments thereto.

**C.    G&M Retention and Fee Application                  $2,385.00**

18. G&M spent 10.0 hours at a cost of $2,385.00 on G&M retention and fee application issues. This category primarily includes time spent preparing G&M's retention pleadings and reviewing monthly statements.

**D.    Cash Collateral/Secured Creditor                   $5,283.00**

19. G&M spent 19.0 hours at a cost of $5,283.00 on cash collateral and secured creditor related issues. This category primarily includes time spent negotiating, budgeting, and appearing in court in order to ensure the Debtor's use of cash collateral. This category also encompasses negotiations with secured creditors, including IDOR, the Debtor's main creditor.

**E.**     **Litigation**                                                                  **$3,052.50**

20.     G&M spent 11.9 hours at a cost of $3,052.50 on litigation issues. This category primarily includes all time spent relating to litigation matters, investigation into litigation options, and such other and further services related to litigation matters. In this case, the primary issue addressed was a mechanic's lien issue relating to the Debtor's lease with DePaul University, which G&M had to resolve to allow confirmation to proceed, and a motion to dismiss brought by IDOR.

**F.**     **Executory Contracts and Unexpired Leases**                    **$5,872.50**

21.     G&M spent 22.5 hours at a cost of $5,872.50 on matters associated with the Debtor's executory contracts and unexpired leases. In particular, a settlement with the Debtor's landlord had to be reached before the Debtor's lease could be assumed.

**G.**     **Claims**                                                                       **$6,001.50**

22.     G&M spent 23.3 hours at a cost of $6,001.50 on claims. This category includes reviewing claims against the Debtor and objecting to (informally) and attempting to settle those claims.

**H.**     **Plan and Disclosure Statement**                                   **$27,003.00**

23.     G&M spent 104.2 hours at a cost of $27,003.00 working on the Debtor's exit strategy and plan of reorganization, including corresponding with parties in interest regarding plan formulation and overall strategy, and discussing proposed exit strategies with key parties in interest in the case. This category also includes time spent drafting, revising, researching, and finalizing the Debtor's plan of reorganization and disclosure statement, and working with the Debtor regarding same.

**EXPENSES INCURRED**

24. Detailed itemizations of all expenses incurred during the Application Period are incorporated in the attached Statements. Expenses were incurred in the following general categories:

 a. Photocopies/Printing: G&M incurred expenses in the amount of $351.50 in photocopying and printing expenses in connection with representing the Debtor in this bankruptcy proceeding. G&M makes no profit on these expenses.

 b. Westlaw Research: G&M incurred expenses in the amount of $479.70 in legal research provided by Westlaw. G&M makes no profit on these expenses.

 c. Postage: G&M incurred expenses in the amount of $78.96 associated with postage expense required to ensure proper service of all pleadings relating to the bankruptcy proceeding. G&M makes no profit on these expenses.

 d. ECF/Pacer: G&M incurred expenses in the amount of $80.40 in ECF/Pacer charges. G&M makes no profit on these expenses.

 e. Filing Fees: G&M incurred expenses in the amount of $30.00 in filing fees in connection with filing certain documents with the bankruptcy court. G&M makes no profit on these expenses.

**BENEFIT TO THE ESTATE**

25. G&M believes its efforts substantially benefitted the Debtor's estate. G&M's professionals worked diligently to administer the Debtor's chapter 11 case in order propose, and solicit acceptance of, a plan of reorganization that will pay creditors' claims in full (as opposed to such creditors receiving little to no recovery in a liquidation).

## NOTICE

26. Notice of this application has been served upon: (a) the Debtor; (b) the Office of the United States Trustee for the Northern District of Illinois; (c) all creditors of the Debtor; and (d) all parties requesting notice pursuant to Rule 2002.

## FEES REQUESTED

27. As set forth in greater detail above and in the attached Statements, for the Application Period, G&M is requesting that the Court allow it $57,093.00 as compensation and $1,020.56 for reimbursement of expenses pursuant to Section 330 of the Bankruptcy Code. G&M reserves the right to correct, amend, or supplement this Application.

## VOLUNTARY REDUCTION

28. Given the number of issues G&M was forced to address and resolve in the Debtor's chapter 11 case in order to allow for a successful reorganization, G&M fully believes that all of the requested fees and expenses herein are reasonable and necessary and have benefited the Debtor, its estate, and its creditors. In fact, G&M partners overseeing the case have already not billed a substantial amount of compensable time (although G&M firmly believes that such time was also reasonable and necessary) in order to minimize costs. Therefore, G&M is seeking allowance of all requested fees and expenses in this Application. However, in the interest of helping the Debtor confirm its Plan and successfully emerge from chapter 11, G&M has agreed to a voluntary reduction of its allowed claim and will waive any allowed fees and expenses over $50,000 in the event the Debtor's Plan is confirmed and G&M actually receives $50,000 from the Debtor. In the event the Debtor's case is dismissed or converted before the Plan is confirmed, G&M reserves the right to assert the full amount of any allowed claim for fees and expenses and may amend or supplement this Application to seek additional fees and

expenses incurred after the Application Period herein.

## APPLICATION OF EFFECTIVE DATE ESCROW FUNDS

29.   A condition to effectiveness of the Debtor's Plan is the funding of an escrow (the "*Effective Date Escrow*") held by the Debtor's counsel for the payment of administrative claims allowed at confirmation or pending at confirmation and subsequently allowed.  G&M anticipates that the Effective Date Escrow will be fully funded by the confirmation hearing in an amount sufficient to cover, among other claims, G&M's claim for the fees and expenses and expenses requested herein (after the voluntary reduction discussed above, the "*Reduced Claim*").  G&M also requests authority to apply amounts remaining in such escrow to its Reduced Claim.

WHEREFORE, G&M respectfully requests that this Court enter an order: (a) allowing G&M compensation in the amount of $57,093.00 and reimbursement of expenses in the amount of $1,020.56; (b) authorizing G&M to apply funds held in the Effective Date Escrow to its allowed claim for its fees and expenses; (c) authorizing the Debtor to pay the balance of G&M's allowed claim, if any; and (d) granting such other and further relief as the Court deems just and proper.

Dated: March 17, 2014                                   **GOLDSTEIN & MCCLINTOCK LLLP**

By: /s/ Matthew E. McClintock
    One of its Attorneys

Matthew E. McClintock, Esq.
Zoran Balac, Esq.
208 South LaSalle Street, Suite 1750
Chicago, Illinois  60604
Telephone: (312) 337-7700
Facsimile: (312) 277-2305

*Counsel for the Debtor and Debtor in Possession*