**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARA HOLDINGS 23 EAST, LLC, | ) | Case No. 13 B 26593 (JSB) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **Tuesday, April 22, 2014, at 10:00 a.m.**, or as soon thereafter as counsel may be heard, we will appear before the Honorable Janet S. Baer, or any judge sitting in her stead, in Room 615 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604, and then and there present the *Debtor's Motion for Entry of Final Decree Closing Chapter 11 Case*, a copy of which is hereby served upon you.

Dated: March 21, 2014                                         Respectfully submitted,

                                                              **BARA HOLDINGS 23 EAST, LLC**

                                                              By:   /s/ Matthew E. McClintock

                                                              GOLDSTEIN & MCCLINTOCK LLLP
                                                              Matthew E. McClintock, Esq.
                                                              Zoran Balac, Esq.
                                                              208 S. LaSalle Street, Suite 1750
                                                              Chicago, Illinois 60604
                                                              Telephone: (312) 337-7700
                                                              Facsimile: (312) 277-2305

                                                              *Counsel for the Debtor and Debtor in Possession*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARA HOLDINGS 23 EAST, LLC, | ) | Case No.  13 B 26593 (JSB) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | **Hearing: Tuesday April 22, 2014, at 10:00 a.m.** |

### DEBTOR'S MOTION FOR ENTRY OF FINAL DECREE CLOSING CHAPTER 11 CASE

Bara Holdings 23 East, LLC, as debtor and debtor in possession herein (the "*Debtor*"), by this motion (the "*Motion*"), pursuant to section 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "*Bankruptcy Code*"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Rule 3022-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*"), seeks entry of a final decree closing the Debtor's chapter 11 case.  In support of this Motion, the Debtor states as follows:

### Jurisdiction and Venue

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2.   On June 28, 2013 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 (the "*Chapter 11 Case*") of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*").

3. On March 21, 2014 (the "*Confirmation Date*"), the Court entered an order (the "*Confirmation Order*") confirming the Debtor's First Amended Plan of Reorganization (the "*Plan*"), and setting a post-confirmation status hearing for April 22, 2014.

4. In addition to entry of the Confirmation Order, the effective date of the Plan is conditioned funding of an escrow held by the Debtor's counsel (the "*Effective Date Escrow*") in an amount sufficient to pay all administrative claims allowed or pending allowance as of the Confirmation Date. The Effective Date Escrow was fully funded prior to the Confirmation Date, so the Plan became effective on March 21, 2014 (the "*Effective Date*").

5. The Debtor's counsel has begun paying administrative claims out of the Effective Date Escrow, which has a current balance of $50,000. The only remaining administrative claim pending allowance and payable out of the Effective Date Escrow is the Debtor's counsel's claim for fees and expenses. A final fee application (the "*Fee Application*") for such fees and expenses is set for hearing on April 9, 2014.

**Basis for Relief**

6. Pursuant to section 350 of the Bankruptcy Code and Bankruptcy Rule 3022, the court shall enter a final decree closing a debtor's bankruptcy case after the debtor's estate is fully administered, upon motion of the court or a party in interest. 11 U.S.C. § 350; Fed. R. Bankr. P. 3022. The Bankruptcy Code does not define when a case has been "fully administered," and courts look to several factors when making such determination, including "(1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have

commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved." Fed. R. Bankr. P. 3022 advisory committee's note (1991). "Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed." *Id.*; *see also In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462 (Bankr. N.D. Ill. 1998) (entering final decree when only matters remaining debtor's case were disbursements under the plan and an adversary proceeding).

7.      Here, the Debtor's confirmed Plan is a straightforward payment plan that will continue through June 2018. The Plan does not contemplate the transfer of any of the Debtor's property or any change in ownership of the Debtor or management of its business. And aside from the pending Fee Application, there are no outstanding motions, contested matters, or adversary proceedings in this chapter 11 case. After payment of the Debtor's counsel's fees (which is expected to occur before the hearing on this Motion), all that will remain is for the Debtor to make all monthly installment payments required under the Plan.

8.      Consequently, the Debtor submits that its estate has been fully administered and that its Chapter 11 Case should be closed.

### Status of Plan Payments

9.      Local Rule 3022-1 requires a motion for a final decree to include a statement of the actual status of payments due to each class under the confirmed Plan. Currently, Class 1 claims and unsecured priority tax claims total $303,871.64; Class 2 claims total $41,244.67; and Class 3 claims total $30,689.12; all of which are to be paid in regular monthly installments per the Plan beginning on April 1, 2014.

## Notice

10. Pursuant to Local Rule 3022-1, notice of this Motion has been served on the Office of the United States Trustee and all creditors.

WHEREFORE, the Debtor respectfully requests entry of a final decree, substantially in the form submitted herewith, closing the Debtor's Chapter 11 Case.

Respectfully submitted,
**BARA HOLDINGS 23 EAST, LLC**

Dated: March 21, 2014

By: /s/ Matthew McClintock

GOLDSTEIN & MCCLINTOCK, LLLP
Matthew E. McClintock, Esq.
Zoran Balac, Esq.
208 S. LaSalle St., Suite 1750
Chicago, Illinois 60604
Telephone: (312) 337-7700
Facsimile: (312) 277-2305

*Counsel for the Debtor and
Debtor in Possession*